UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**LOUIS SAVINO**,                                                    Chapter 7
    Debtor                                        Case No. 14-14661-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

**I. INTRODUCTION**

The matter before the Court is the Motion to Reopen Case filed by Louis Savino (the "Debtor"). The Debtor seeks to reopen his case to avoid a pre-judgment writ of attachment obtained by First American Title Insurance Company ("First American") because it allegedly impairs an exemption to which he is entitled to under Mass. Gen. Laws ch. 188, §§ 1-4. The Debtor contends that "[s]aid avoidance constitutes relief within the meaning of 11 U.S.C. § 350(b)." First American filed an Opposition to the Motion.

The Court heard the Motion and the Opposition on April 12, 2016. Following the hearing, the parties supplemented their submissions. The material facts necessary to determine the Motion to Reopen are not in dispute, and neither party requested an evidentiary hearing. The Court now makes its findings of fact and rulings of law.

## II. BACKGROUND

A. <u>The Debtor's Bankruptcy Case</u>

The Debtor filed a voluntary petition on October 2, 2014, together with Schedules, a Statement of Financial Affairs and other required documents.[1] *See* Fed. R. Bankr. P. 1007. On Schedule A-Real Property, the Debtor listed an ownership interest in two properties: 58 Weldon Farm Road, Rowley, Massachusetts with a value of $429,300.00, and 173 Water Street, Saugus, Massachusetts with a value of $336,200.00. On Schedule C-Property Claimed Exempt, the Debtor claimed a Massachusetts homestead exemption pursuant to Mass. Gen. Laws ch. 188, §§1-4 with respect to the Rowley property. On Schedule D-Creditors Holding Secured Claims, he listed "Green Tree" as the holder of a first mortgage on the Rowley property in the amount of $210,750.00 and Seterus Inc. as the holder of a first mortgage on the Saugus property in the amount of $315,916.63. The Debtor listed First American as the holder of an unsecured nonpriority claim in the amount of $254,918.94 on Schedule F. In his Statement of Intention, the Debtor did not indicate that he intended to avoid First American's judicial lien pursuant to 11 U.S.C. § 522(f), an option listed on the official form, perhaps not surprisingly because he did not list First American as the holder of a secured claim.

At the commencement of the Debtor's case, the Court issued a "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines." The Notice was mailed by the

---

[1] The Court may take judicial notice of its own docket. *See* <u>LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)</u>, 196 F.3d 1, 8 (1st Cir. 1999) ("The bankruptcy court appropriately took judicial notice of its own docket.").

2

Bankruptcy Noticing Center to all creditors, including First American. The Notice set forth the following deadlines pertinent to First American:

> Deadline to object to debtor's discharge or to challenge dischargeability of certain debts: 1/9/15
>
> Deadline to object to exemptions: Thirty (30) days after the conclusion of the meeting of creditors.

The meeting of creditors was first scheduled for November 10, 2014; it was continued to December 4, 2014. First American did not object to the Debtor's claimed homestead exemption under Massachusetts law.

Prior to the continued meeting of creditors, on November 2, 2014, the Chapter 7 Trustee, Mark G. DeGiacomo, filed an Application for Authority to Employ Murtha Cullina LLP as Counsel and a request for a claims bar date. On November 12, 2014, the Court authorized the Chapter 7 Trustee to employ Murtha Cullina LLP as his counsel, and, on November 13, 2014, the Court issued a Notice to Creditors to File Proofs of Claim and set February 11, 2015 as the deadline for filing proofs of claim. The Bankruptcy Noticing Center, on November 15, 2014, served the Notice on First American, and First American timely filed a proof of claim in the sum of $283,301.06 on February 10, 2015.

First American neither filed a complaint under 11 U.S.C. §§ 523 or 727 nor requested an extension of the original deadline of January 9, 2015 for filing complaints relating to exceptions to discharge or objections to discharge. On January 28, 2015, the Trustee filed an Application for Authority to Employ Verdolino & Lowey, P.C. as Accountant to the Trustee, which Application the Court granted. Approximately one month later, on February 27, 2015, the same day that the Trustee requested a claims

3

register, the Court granted the Debtor a discharge under 11 U.S.C. § 727. The Debtor's bankruptcy case remained open, however, as the Trustee had not concluded his administration of the estate.

On January 19, 2016, the Court approved the Chapter 7 Trustee's Final Report and Account after Distribution, discharged the Trustee, and closed the case. The Trustee's Final Report reveals that the Trustee distributed $9,246.77 to First American. Approximately two months after the case was closed, on March 17, 2016, the Debtor moved to reopen his case.

B. First American's Liens

First American, in its Opposition to the Motion to Reopen, represents the following:

1. On May 6, 2014, First American filed an action against Savino entitled *First American Title Insurance v. Louis Savino*, 1484CV1484 in Suffolk Superior Court . . .

2. Upon filing the Superior Court action and after providing notice to Savino, on or about May 30, 2014, First American sought and obtained from the Superior Court the Attachments on the Properties [i.e., the Rowley and Saugus properties listed on Schedule A] in the amount of $300,000 and also obtained an injunction against Savino restraining him from transferring his assets except for ordinary living expenses.

3. Thereafter, Savino failed to provide a timely answer or otherwise respond to allegations contained in the Superior Court action. On July 15, 2014, a default entered against Savino, and First American moved for a default judgment. Before the Superior Court ruled on the request for a default judgment, Savino filed an answer. The Superior Court deferred on First American's request for a default judgment and provided Savino with an opportunity to vacate the default. Savino failed to remove the default within the deadline afforded by the Superior Court. Instead, once First American renewed its request for a default judgment, Savino filed the above-captioned Bankruptcy Court action on or about October 2, 2014.

**III. POSITIONS OF THE PARTIES**

The Debtor asserts that he is entitled to reopen his case pursuant to 11 U.S.C. § 350(b)("A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."). First American opposes the relief requested on several grounds. Citing numerous cases, it maintains that this Court should exercise its broad discretion to deny the Motion to Reopen, pointing to the difficulty of obtaining a historic appraisal which would be required in conjunction with the judicial lien avoidance the Debtor intends to file, adding that it would be prejudiced due to the Debtor's "inexcusable delay" in seeking to avoid the attachments it obtained.

In its Supplemental Opposition in which it cited Noble v. Yingling, 29 B.R. 998 (D. Del. 1983), in which the United States District Court for the District of Delaware considered when lien avoidance motions should be filed, First American argued that this Court should consider the following nonexhaustive list of equitable factors to determine the timeliness of any lien avoidance motion filed by the Debtor:

> 1) [the] vigor with which the judgment creditors pursued the debtors prior to the filing of the bankruptcy petition, 2) communication of positions by and between debtors and judgment creditors after filing of the petition and prior to discharge, 3) motivating cause of failure to file lien avoidance complaint prior to discharge, 4) length of time between discharge and filing of lien avoidance complaint, 5) reason for the delay in filing of lien avoidance complaint, 6) prejudice to the judgment creditors, and 7) good faith, or lack thereof, of the creditors.

Id. at 1003. First American maintains that when those factors are analyzed, the Debtor's Motion to Reopen should be denied. It emphasizes that it has been prejudiced, stating the following:

5

> First American's claims arise out of Savino's knowing failure on two separate occasions to record a mortgage on an investment property he owned—once at the loan closing (when he received approximately $25,000 in cash) and once when Savino's loan was assigned to JP Morgan and JP Morgan requested that he record the mortgage. *See* Ex. 1. Rather than record the mortgage, Savino sold the investment property and pocketed $245,000 without paying off the underlying loan. Id. Under the circumstances, First American's debt was nondischargeable under 11 U.S.C. § 523(a)(2). *See* In re Krause, 510 B.R. 172 Bankr. N.D. Ill. 2014) (finding nondischargeability where debtor failed to record mortgage and took proceeds from sale rather than paying off loan). However, First American relied on the fact that it had two valid real estate attachments—which Savino had not sought to avoid or even indicated that he would seek to avoid—in deciding not to object to Savino's discharge. Had Savino filed a timely lien avoidance complaint or even indicated on his Statement of Intention that he would, First American would have objected to the discharge. *See* In re Dator, 2006 WL 2056678, *3 (prejudice occurs when "the delay caused [the creditor] a disadvantage in asserting or establishing a claimed right or defense") (internal citations omitted).

First American also contends that it "ostensibly assented to Savino's discharge in exchange for an opportunity to collect a portion of its debt from the equity in Savino's two properties," citing Mass. Gen. Laws. ch. 235, §24 (permitting "special judgment" against properties subject to real estate attachment),[2] adding that "[t]his represented a

---

[2] Section 24 provides in pertinent part:

> If a plaintiff would be entitled to a judgment or a decree, except for the bankruptcy or insolvency of the debtor or his discharge therein, and if, more than four months prior to the commencement of proceedings in bankruptcy, . . . any property, estate, interest or money of a debtor has been attached, or brought within the control of a court of equity by proceedings under clause (6) of section three of chapter two hundred and fourteen, by other proceedings, or by payment into court, the court may at any time upon motion enter a special judgment or decree for the plaintiff, for the amount of his debt or damages and costs, or for such other relief as he may be entitled to, to be enforced in the first instance only against the property, estate, interest or money, so attached or brought within the control of a court of equity. . . .

6

good faith decision which served the dual purpose of the Bankruptcy Code by striking a balance between creditor's rights and the debtor's right to a 'fresh start.'" It also observes that equities favor denial of the Motion to Reopen because if the lien is not avoided, the Massachusetts homestead still provides the Debtor with protection, and its ability to satisfy its debt will be limited whether the lien remains in place or not, citing In re Raskin, 78 B.R. 343, 344 (Bankr. S.D. Fla. 1987).

The Debtor takes issue with First American's representations that its debt would have been nondischargeable under 11 U.S.C. § 523(a)(2), as it did not allege fraud in its state court action against him, and it failed to commence an action to except its debt from discharge under § 523(a)(2) in his bankruptcy case. He states that "these are unfounded assertions made in an attempt to dissuade this Court from granting Plaintiff his requested relief," attaching to his Response the HUD-1 Settlement Statement which reflects that he did not receive any proceeds from the sale of the investment property.

The Debtor citing Wilding v. CitiFinancial Consumer Fin. Servs., Inc. (In re Wilding), 475 F.3d 428, 431 (1st Cir. 2007), and Ludvigsen v. Osborne (In re Ludvigsen), No. MB 14-039, 2015 WL 3733193 (B.A.P. 1st Cir. Jan. 16, 2015), contends that a lien avoidance motion under 11 U.S.C. § 522(f) is a sufficient cause for reopening a case under § 350(b) because lien avoidance affords relief to the debtor, adding that reopening a case is within the discretion of the bankruptcy court. He also argues that application of factors endorsed by courts in the First Circuit, such as "the length of time that the case was

---

Mass. Gen. Laws Ann. ch. 235, § 24.

closed, whether any parties would be prejudiced if the case were to be reopened, and the extent of benefit which the debtor seeks to achieve should be considered and supports allowance of his Motion to Reopen. See Mass. Dep't of Rev. v. Crocker (In re Crocker), 362 B.R. 49, 53 (B.A.P. 1st Cir. 2007); In re Dalezios, 507 B.R. 54, 59 (Bankr. D. Mass. 2014). With respect to those factors, the Debtor argues the timing of the Motion to Reopen does not constitute inexcusable delay, First American will not be prejudiced as it received approximately $9,246.77 in distributed non-exempt assets, and the Saugus property has equity that may be available to satisfy at least a part of its claim. Finally, the Debtor cites Dwyer v. Cempellin, 424 Mass. 26, 673 N.E.2d 863 (1996), in support of the public policy favoring protection of homestead rights for the benefit of the declarant and his or her family.

**IV. DISCUSSION**

A. Applicable Law

In In re Ludvigsen, 2015 WL 3733193, the United States Bankruptcy Appellate Panel for the First Circuit set forth the standard applicable to reopening cases pursuant to § 350(b). It stated:

> "It is well settled that the decision to reopen a case is within the sound discretion of the bankruptcy court." In re Crocker, 362 B.R. at 53 (citations omitted)). "This discretion depends upon the circumstances of the individual case and accords with the equitable nature of all bankruptcy proceedings." Id. (internal quotations and citation omitted); *see also* In re Dalezios, 507 B.R. 54, 58 (Bankr. D. Mass. 2014) ("The decision to reopen should be made on a case-by-case basis based on the particular circumstances and equities of a case, and should be left to the sole discretion of bankruptcy court."). A court properly exercises its discretion to reopen a bankruptcy case when it does so in order to permit a dispute to be decided "on the substantive merits rather than technical defects." In re Rutherford,

8

> 427 B.R. 656, 659 (Bankr .S.D. Ohio 2010) (internal quotations and citation omitted). "[T]he reopening of a case is a ministerial act which allows the file to be retrieved so the court can receive a new request for relief; the reopening, by itself, has no independent legal significance and determines nothing with respect to the merits of the relief to be requested." In re Andersen, 2011 Bankr. LEXIS 317, at *14 (citations omitted). "[A]lthough the required reopening of a closed bankruptcy case serves no substantive purpose, by refusing to reopen a case, a court may effectively decline consideration of a proffered claim by way of its discretionary refusal to revisit a case's substantive issues." Leach v. Buckingham (In re Leach), 194 B.R. 812, 815 (E.D. Mich. 1996). Thus, a bankruptcy court considering a motion to reopen should consider whether the moving party would be entitled to pursue the cause of action for which it seeks the reopening. If the movant cannot prevail on the merits of the action to be pursued as a matter of law, reopening the case would serve no purpose and the motion to reopen should be denied. *See* In re Gagne, No. 02–10966, 2010 Bankr. LEXIS 4706, at *2 (Bankr. D. Me. Dec. 16, 2010) (citing In re Hunter, 283 B.R. 353, 356 (Bankr. M.D. Fla .2002)); In re Weber, 283 B.R. 630, 633 (Bankr. D. Mass. 2002) ("Although sequential logic would suggest that the Court first determine whether to reopen the case, there is no reason to reopen the case" if the movant cannot prevail on the cause of action to be pursued).

In re Ludvigsen, 2015 WL 3733193, at *4 (footnote omitted).

    B. Analysis

Based upon the decision in Ludvigsen, the Court concludes that granting the Debtor's Motion to Reopen is warranted. The Debtor is entitled to pursue a lien avoidance motion, particularly as he claimed a Massachusetts homestead exemption on Schedule C filed with his petition on October 2, 2014. The decision of the United States Court of Appeals for the First Circuit in In re Wilding, 475 F.3d 428 (1st Cir. 2007), supports the Court's conclusion. In Wilding, the First Circuit was confronted with the issue of "whether 11 U.S.C. § 522(f) permits a debtor to avoid a judicial lien if the lien existed at the filing of the bankruptcy petition but was satisfied after the bankruptcy case closed and before the debtor filed a motion to avoid." 475 F.3d at 429. The debtor's case

9

had been fully administered and closed for almost two years. The bankruptcy court reopened the case but determined that § 522(f) would not permit the avoidance of the satisfied lien. The First Circuit determined that a debtor could avoid such a lien subject to consideration of equitable defenses. The court concluded:

> [W]e hold that a debtor may avoid a judicial lien under § 522(f) even if he has satisfied the lien prior to filing a motion to avoid, so long as the lien in question impaired an exemption as of the bankruptcy petition date (or the later acquired property date) as reflected in the statutory definition of "value" under § 522.
>
> That a court sitting in bankruptcy may deploy its equitable powers under § 522 to issue an order avoiding a lien, nunc pro tunc, does not mean that it necessarily should exercise those powers to do so. Although § 522(f) permits a debtor to avoid a lien in cases such as this, . . . [d]efenses such as laches, fraud, detrimental reliance, and prejudice are often raised in opposition to a motion to reopen. It is well-settled that a Bankruptcy Judge has discretion to determine-in light of such defenses-whether to reopen a bankruptcy petition at all. *See, e.g.*, First National Bank of Park Falls v. Maley, 126 B.R. 563, 567 (E.D.Wis.1991); In re Procaccianti, 253 B.R. 590 (Bankr. D. R.I. 2000); In re Walters, 113 B.R. 602, 603 (Bankr. D. S.D. 1990); In re Quackenbos, 71 B.R. at 695-96.

In re Wilding, 475 F.3d at 433.

There is no substantial prejudice to First American as there was only a two month gap between the closing of the bankruptcy case and the filing of the Motion to Reopen. Moreover, as the Debtor recognized, First American was paid in excess of $9,000.00 and may pursue whatever rights and remedies that it may have against the Saugus property as the Debtor is not seeking to avoid its lien with respect to that property.

The Court unequivocally rejects First American's suggestion that it was somehow lulled into refraining from pursuing a claim under 11 U.S.C. § 523(a)(2) because the Debtor did not reference § 522(f) on his Statement of Intention or bring the lien avoidance

10

motion sooner. As the court observed in In re Hall, 327 B.R. 424, 426-27 (Bankr. W.D. Mo. 2005),

> From a procedural standpoint, neither the Bankruptcy Code nor the Bankruptcy Rules place any time limit on the filing of a lien avoidance motion. Rule 4003(d) provides that a lien avoidance request filed by the debtor under § 522(f) must be made by motion in accordance with Rule 9014, but establishes no deadline for the filing of such a motion.

327 B.R. at 426. See also Noble v. Yingling, 29 B.R. at 1000. ("The relationship between discharge, dischargeability of debt and reaffirmation on the one hand and section 522(f) lien avoidance on the other does not mandate a judicially created time limitation on the right of lien avoidance conferred by statute on a debtor."). Because the deadline for filing complaints under 11 U.S.C. §§ 523, 727 expired on January 9, 2015, approximately one month before the deadline for filing proofs of claim, and because there is no deadline for filing lien avoidance motions, First American can not credibly claim to have been lulled into inaction by the Debtor. If, as it claims, it had a viable cause of action for an exception to discharge under § 523(a)(2), it should have protected that claim by filing a complaint or moving to extend the deadline for the filing of a complaint pursuant to Fed. R. Bankr. 4007(c). Its failure to secure that relief can not be attributed to the Debtor's conduct. Moreover, the gap between the closing of the case and the Debtor's Motion to Reopen does not evince laches or other inequitable conduct. Given the Massachusetts policy of liberally construing the homestead statute, this Court finds that the Debtor has established an entitlement to reopen his case for the purpose of filing a lien avoidance motion under § 522(f). See Dwyer v. Cempellin, 424 Mass. at 31, 673 N.E.2d at 867 ("In

11

construing the homestead exemption, we think that we should apply the rule of liberal construction.").

## V. CONCLUSION

In view of the foregoing, the Court shall enter an order granting the Debtor's Motion to Reopen.

By the Court,

*Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated: May 11, 2016